ALBA FERNINO
*vs.*
MICHAEL FERNINO

Superior Court New Haven County File No. 59841

MEMORANDUM FILED MAY 20, 1941.

*Joseph Bernblum,* and *Stephen F. Dunn,* of New Haven, for the Plaintiff.

*William F. Healey,* of Derby, for the Defendant.

McEVOY, J. In this action the petitioning wife seeks a decree of divorce, alimony and change of name upon the claimed ground of intolerable cruelty.

The parties were married on June 29, 1934. Thereafter they lived happily for more than one year until the petitioner so continually conducted herself that it became fairly apparent to her husband, the defendant, that she was, at least, indifferent to him and inclined to divert herself with others.

Although there is no evidence of actual misconduct by the petitioner, yet, her actions were such as to cause the defendant to expostulate with her frequently. The petitioner was a very industrious person and was gainfully employed during her married life.

There is a conflict as to the respective earnings of these parties but it clearly appears that, at the time of the institution of this action, the petitioner then had a substantial savings account in her own name and that the defendant had not.

After the institution of this action the defendant continually endeavored to induce the petitioner to resume, or rather assume, her marital duties.

On at least four occasions these parties met and had sexual intercourse after the institution of this action.

Notwithstanding the continuity of these occurrences, the petitioner still persevered in her desire for a divorce and endeavored to persuade the defendant to agree that he would make no contest in this action.

This phase of the matter was frequently discussed between these parties and, so determined was the petitioner to achieve this result, that, during the last conversation between these parties prior to this trial, the petitioner then threatened that, unless the defendant so agreed, she would testify upon this trial that the main item of the alleged intolerable cruelty charge against the defendant was that the defendant persisted in attempting to require the petitioner to submit to sexual practices not within the normal purview of the marriage relation.

Upon this trial the petitioner did so testify.

Upon the whole evidence it is found that there is no basis in fact for such testimony.

The petitioner has failed to sustain the burden of proof which the law imposes upon her and the issues are found in favor of the defendant.

The petition is dismissed.

Judgment may enter accordingly.